IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CRAIG COUNTY, VIRGINIA,<br>a political subdivision of the<br>Commonwealth of Virginia<br>136 E. Main Street<br>Independence, Virginia 24348 | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) Case: |
| v. | ) Assigned To:<br>) Assign. Date: |
| ERIC H. HOLDER, JR., Attorney General of the<br>United States of America<br>Civil Rights Division<br>United States Department of Justice<br>THOMAS E. PEREZ, Assistant Attorney General of the<br>United States of America<br>Civil Rights Division<br>United States Department of Justice<br>950 Pennsylvania Avenue<br>Washington, DC  20530 | ) Description:  Three Judge Court –<br>)         Civil Rights – Voting Rights<br>)         Act<br>)<br>)<br>)<br>)<br>)   Three Judge Court Requested<br>)<br>) |
| Defendants. | )<br>) |

COMPLAINT

Craig County, Virginia, alleges that:

1.      This is an action brought for declaratory relief pursuant to Section 4 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973b (hereinafter "Section 4").  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1343(a)(4), 28 U.S.C. §2201, and 42 U.S.C. §1973b.

2.      The Plaintiff, Craig County ("the County"), is a political subdivision of the Commonwealth of Virginia and thus a political subdivision of the state within the meaning of Section 4(a) of the Voting Rights Act.  See 42 U.S.C. § 1973b(a)(1)(A); see also *Northwest Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193 (2009).  There are two other elected

governmental units within the meaning of Section 4(a) 42 U.S.C. § 1973b(a)(1) within the

County:  Craig County School District (the "School District") and the Town of New Castle (the

"Town").  The residents of the Town vote in elections for County and School District offices.

3.     Craig County is in the western part of the Commonwealth of Virginia bordering

West Virginia, north-east of the City of Roanoke.

4.     The County, School District, and Town are covered jurisdictions subject to the

special provisions of the Voting Rights Act, including Section 5 of the Act, 42 U.S.C. § 1973(c),

which requires them to obtain preclearance from the Attorney General for any change in voting

standards, practices and procedures since the Act's November 1, 1964, coverage date for

Virginia.

5.     The population of the County as reported in the 2010 Census was 5,190 persons

(15 per square mile) of which 0.1% were black, 0.7% were Hispanic, 0.2% were Asian, 0.2%

were American Indian, and 0.7% reported two or more races.  The Craig County School District

has the same geographic boundaries and population as the County.

6.     The Town had a 2010 population of 153 persons of whom 150 were white, one

was American Indian and two identified themselves as two or more races.

7.      The Craig County Board of Supervisors (the "County Board") is the governing

body that formulates policies for the administration of government in Craig County.  It is

comprised of five Board members elected in November from single member districts for four-

year staggered terms.

8.     The Craig County School Board (the "School Board") is the governing body that

formulates policies for the administration of the affairs of the School District.  It is comprised of

five Board members elected in November from single member districts for four-year staggered terms.

9.      The Town Council (the "Council") is the governing body of the Town; it formulates policies for the administration of government in the Town.  The Council is comprised of four members and a Mayor; the Council members and the Mayor are elected at large in May to serve four-year terms.

10.      Registered voters in the Town are eligible to vote in Town Council as well as the County Board and School Board elections.

11.      The voting age population of the County (18 years of age or older) in 2010 was 4,079 (78.6% of the total population). A significant proportion of the County's voting age population is registered to vote.  As of 2010, there were 3,802 registered voters in the County.

12.      Voter turnout in elections varies according to the elected offices.  In the last Presidential elections (2000, 2004, and 2008) large numbers of the County's registered voters turned out to vote (2,522, 2,642, and 2,326, respectively).  In the general elections for state, County and Town offices, fewer of the County's registered voters turned out to vote.

13.      There have been no minority member candidates who have run in elections for the Board of Supervisors, the School Board, or the Town Council during the past decade.

14.      There are eleven polling places in the County plus a Central Absentee Voting Precinct.  Two of the election districts have one precinct and one polling place; the remaining three election districts have two or more precincts and polling places.  All polling places in the County are accessible to voters with physical disabilities.

15.      There are a minimum of three election officials (poll workers) assigned to each polling place, with some polling places having as many as five election officials, depending on

the type of election and the number of registered voters at each precinct.  In the past ten years, no person recommended to serve as an election officer has been rejected by the Electoral Board.

16.     There have been no reported incidents of insufficient manpower capacity or lack of accessibility for the disabled in any election during the past decade.

17.     Voter registration opportunities in the County are readily and equally available to all resident citizens.

18.     Voters in Craig County may register in person at the County Electoral Board office, or by mail. Voter registration applications are available at locations convenient to voters throughout the County and at various state agencies.

19.     The opportunity to become a registered voter in the County is also available under the National Voter Registration Act at Department of Motor Vehicle offices and at all public assistance agencies in Carroll County.

20.     No person in the County or the Town has been denied the right to vote on account of race, color, or membership in a language group for at least the preceding ten years.

21.     Craig County has a three-member Electoral Board, appointed pursuant to Virginia state law.  (*Virginia Code* § 24.2-115 as amended)  The Electoral Board has responsibility under Virginia law for overseeing the election process in the County, including the appointment of poll workers to conduct elections.

22.     Within at least the past ten years, neither the County, the School District, nor the Town have enforced any voting changes prior to receiving Section 5 preclearance by the United States Attorney General.  Since 2001, there were fourteen preclearance submissions made by the County; four made by the School District; and two made by the Town.

23.     Neither the United States District Court for the District of Columbia nor the United States Attorney General have denied preclearance to any voting change made on behalf of the County School District, or Town in at least the past ten years.

24.     No "test or device" as defined in the Voting Rights Act (42 U.S.C. § 1973(b)(c)) has been used in the County as a prerequisite to either registering or voting for at least the preceding ten years.

25.     No person in Craig County has been denied the right to vote on account of race, color, or membership in a language minority group in the past ten years.

26.     No final judgment of any court of the United States has determined that denials or abridgments of the right to vote on account of race or color have occurred in the County or Town nor has the County or Town entered into any consent decree, settlement or agreement resulting in any abandonment of a voting practice challenged on such grounds for at least the preceding ten years.  There are no pending actions against the County, School District, or Town alleging such denials or abridgments of the right to vote.

27.     For at least the past ten years, no voting practices or procedures have been abandoned by the County or challenged on the grounds that such practices or procedures would have either the purpose or the effect of denying the right to vote on account of race, color, or membership in a language minority group.

28.     The County has not employed any voting procedures or methods of election that inhibit or dilute equal access to the electoral process by minority voters in the County.  Minority voters in the County have not been denied an equal opportunity to elect candidates of their choice in County, School Board, or Town elections.

29.     Federal examiners or observers have never been appointed or assigned to the County in at least the past ten years.

30.     There are no known incidents in the County where any person exercising the right to vote has been intimidated or harassed at the polls (or while attempting to register to vote).

31.     Pursuant to 42 U.S.C. §1973b,  the County has publicized the filing of this complaint asking the U.S. District Court for the District of Columbia to approve the bailout of the County from the pre-clearance requirements of the Act.  On June 20, 1212 a notice was appeared in the *New Castle Record*.  Further notices were posted at the Courthouse, the New Castle Post Office and Catawba Post Office, the County Administrator's Office and the Board of Elections. This Notice was also delivered with a request that it be posted at other post offices throughout the County and at various County offices.  The notices will remain posted until this matter is determined.

32.     The allegations set forth above, if established, entitle Craig County to a declaratory judgment under Section 4 of the Voting Rights Act, 42 U.S.C. §1973b, exempting the County and all governmental units within the County from the special remedial provisions of the Voting Rights Act.

WHEREFORE, Plaintiff Craig County respectfully prays that this Court:

A.  Convene a three-judge court, pursuant to 28 U.S.C. §2284 and 42 U.S.C. §1973b, to hear and determine the claims raised in Plaintiff's complaint;

B.  Enter a declaratory judgment that Plaintiff Craig County and all governmental units within the County are entitled to a bailout from the special remedial provisions of the Voting Rights Act; and

C.  Grant such other relief as may be necessary and proper as the needs of justice may require.

Respectfully Submitted,

FOR CRAIG COUNTY, VIRGINIA

By Counsel

_____*/s/ John G. Butler, III*_____
John G. Butler, III (DCB# 460969)
SANDS ANDERSON PC
Bank of America Center
1111 East Main Street, Suite 2400
Richmond, Virginia  23219
(804) 648-1636 (Telephone)
(804) 783-7291 (Facsimile)
jbutler@sandsanderson.com

Phyllis C. Katz (VSB #22259) (*Pro hac vice*)
SANDS ANDERSON PC
Bank of America Center
1111 East Main Street, Suite 2400
Richmond, Virginia  23219
(804) 648-1636 (Telephone)
(804) 783-7291 (Facsimile)
pkatz@sandsanderson.com